**STEPPES APARTMENT, LTD.,
et al., Plaintiffs,**

v.

**Donald E. ARMSTRONG,
et al., Defendants.**

**No. 97–CV–663 S.**

United States District Court,
D. Utah,
Central Division.

Sept. 27, 1999.

---

Donald E. Armstrong, Park City, UT, pro se.

Steven D. Crawley, Babcock, Bostwick, Scott, Crawley & Price, Salt Lake City, UT, for defendant.

## MEMORANDUM and ORDER

BOYCE, United States Magistrate Judge.

The third party defendants, Walstad & Babcock, Steven Crawley, and Peter Corroon, have moved the court, pursuant to Rule 26(c) F.R.C.P., for a protective order to preclude defendant/third party plaintiff, Donald E. Armstrong, from obtaining discovery from the third party defendants. Defendant/third party plaintiff Donald E. Armstrong served a demand for production of documents on third party defendants on August 9, 1999. The time for response has expired and third party defendants have sought the protection of this court to be excused from responding to the discovery request. The motion was not made within the time for discovery response, but only after the time expired. Cause for the delay has not been shown.

The third party defendants' motion for a protective order does not state specific grounds for the order but refers to an accompanying memorandum. The motion is deficient under local rule D.U.Civ.R. 7–1 which requires that a motion "set forth succinctly ... the specific grounds of relief sought." The Advisory Committee Note to D.U.Civ.R. 7–1 states the rule "means that a motion, itself, must include a summary or outline of the factual and legal basis for the motion." The Note also states " ... it is not sufficient merely to refer to a rule of Civil Procedure or to refer to a memorandum or other papers filed in support of the motion." It would be proper for this court to deny the motion based on the third party defendants' failure to comply with the local rule on motions.

The third party defendants have submitted a memorandum in which they assert that discovery is barred by Rule 26(d) F.R.C.P. because the parties have not met and conferred pursuant to Rule 26(f) F.R.C.P. However, an attorneys' planning meeting report was filed on March 3, 1998 pursuant to a prior Rule 26(f) F.R.C.P. meeting of the parties who were then in the litigation and before the court. Based on the report and a hearing under Rule 16, F.R.C.P., an initial pretrial order was entered by the court. Therefore, as between the original parties there has been a meet and confer discovery and planning conference in compliance with Rule 26(f), F.R.C.P. discovery has gone toward.

The third party defendants apparently contend that a Rule 26(f) F.R.C.P. conference is required involving them before any discovery may be had from them. Third party defendants do not specifically make that claim, however, otherwise the motion does not make any sense since Rule 26(f) has been complied with. Third party defendants have not supported their claim by any authority interpreting Rules 26(f) or 26(d).

Rule 26(d) F.R.C.P. provides:

Except when authorized under these rules or by local rule, order, or agreement

of the parties, a party may not seek discovery from any source before the parties have met and conferred *as required by subdivision (f).* Unless the court upon motion, for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

(Emphasis added).

It is apparent that to determine the extent of the restriction on discovery provided in Rule 26(d), Rule 26(f) must also be considered. Rule 26(f) F.R.C.P. provides:

Except in actions exempted by local rule or when otherwise ordered, the parties shall, as soon as practicable and in any event at least *14 days before a scheduling conference is held or a scheduling order is due under Rule 16(b),* meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by subdivision (a)(1), and to develop a proposed discovery plan.

It is obvious the 26(f) F.R.C.P. planning conference is to be held in relation to the first Rule 16, F.R.C.P. pretrial. Third parties may not have been joined for sometime after the initial attorney's planning conference and first pretrial have been held. The rules do not contemplate sequential and periodic Rule 26(f) and Rule 16 proceedings before discovery may be commenced. The rules are silent on the practice when there has been a third party addition to the litigation.[1] It must be concluded that the drafters of the 1993 amendment to Rule 26(d) did not intend to include third party additions as a discovery limitation under Rule 26(d).

In *Biocore, Inc. v. Medica–Rents Co.,* 1998 WL 608228 (D.Kan.1998) p. 2, the court stated that if the parties have met and conferred before the "first" pretrial there are no discovery restrictions thereafter. The exact issue in the case appears to be one of first impression.

■ If a third party has entered the case, that party may request that opposing parties meet and attempt to work out a discovery schedule as to the third party's situation. The third party may also move the court for a scheduling order if necessary. Discovery need not wait any period or the holding of a planning conference, but if there is a need to restrict or limit discovery, the third party may seek a protective order under Rule 26(c) F.R.C.P. or otherwise seek the assistance of the court.[2]

■ The language in Rule 26(d) F.R.C.P. that absent a court order that "methods of discovery may be used in any sequence" and "shall not operate to delay any other party's discovery" supports the conclusion that discovery can go forward against later joined parties without a further 26(f) conference after the initial conference. To hold otherwise would add unnecessary confusion, rigidity and delay to the discovery process[3] and burden the court with formalistic requirements which may be of little actual value. In this case, third party defendants' motion only seeks to preclude discovery on a non-substantive ground. Rule 26(d) F.R.C.P. does not preclude Armstrong's discovery against third party defendants.

Therefore, the motion of third party defendants, to be excused from responding to the defendant/third party plaintiff's discovery request, based on Rule 26(d) F.R.C.P., is **DENIED.**

---

1. The comments to the 1993 rule change to 26(d) when it was adopted in its current form, are also silent as to third party practice.

2. In this case, third party defendants have not sought a protective order on any other grounds than the failure to hold a 26(f) conference.

3. This may be a proper subject for the exercise of local rule authority.